Roger J. McConkie (5513) rjm@princeyeates.com
Wilford A. Beesley, III (8724) wab@princeyeates.com
James C. Bergstedt (11866) jcb@princeyeates.com
PRINCE, YEATES & GELDZAHLER
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  801-524-1000
Facsimile:  801-524-1098

Mark F. Warzecha, (FL Bar # 0095779) MFW@USLegalTeam.com
WIDERMAN MALEK, PL
1990 W. New Haven Avenue, Suite 201
Melbourne, Florida 32904
Telephone:  321-255-2332
Facsimile:  321-255-2351
(*Pro Hac Vice Admission Pending*)

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN MOVING & STORAGE ASSOCIATION, <br><br>          Plaintiff, <br> v. <br><br> GO PRO VAN LINES, LLC, <br><br>          Defendant. | **VERIFIED COMPLAINT FOR DAMAGES, PRELIMINARY AND PERMANENT INJUNCTION** <br><br><br> Civil No. 2:15-cv-00077-DAK <br> Judge: Dale A. Kimball |

## <u>VERIFIED COMPLAINT</u>

AMERICAN MOVING & STORAGE ASSOCIATION (hereinafter referred to as

"AMSA," and/or "Plaintiff") for the Verified Complaint against the Defendant, GO PRO

VAN LINES, LLC (hereinafter referred to as "Go Pro" or "Defendant"), alleges and states:

## PARTIES AND JURISDICTION

1.       AMSA is a District of Columbia non-profit corporation, with its principal place of business in Alexandria, Virginia.

2.       Go Pro is a Utah limited liability company, with its principal place of business in American Fork, Utah.

3.       This action arises under the trademark laws of the United States and the laws of unfair competition.  It is brought pursuant to 15 U.S.C. § 1051, et seq., the Lanham Act, 15 U.S.C. § 1501, et seq., and the common law.

4.       This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(b) and 1367.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF'S SERVICES AND TRADEMARK RIGHTS

6.       Since at least as early as 1920, Plaintiff's predecessors have offered services for members and other entities involving the quality certification of entities in the moving and storage industry for the benefit of consumers.

7.      Since at least as early as 1998, Plaintiff has offered services for members and other entities involving the quality certification of entities in the moving and storage industry for the benefit of consumers.

8.      On April 8, 2014 Plaintiff was issued Trademark Registration No. 4,510,978 for the mark, "M PROMOVER TRUST YOUR MOVE TO A PROMOVER" with logo, ("ProMover Mark").  A true and correct copy of the ProMover Registration Certificate is attached hereto as Exhibit "A."

9.      Plaintiff is the owner of the following registered trademarks and pending applications (hereinafter "Marks"):

| Mark | Registration/Serial No. | Services |
|------|-------------------------|----------|
| M ProMover Trust Your Move to a ProMover | 4,510,978 | Moving and relocation services; Moving van and truck services; Furniture and household goods moving; Storage and delivery of furniture and household goods; Rental of storage containers; Providing self-storage facilities for others; Rental of moving equipment; Rental of moving vans and trucks. |
| AMSA (design mark) | 86/515,922 | Certification mark in connection with the moving and storage of household goods of others. |
| American Moving & Storage Association | 86/515,970 | Certification mark in connection with the moving and storage of household goods of others. |

10.     Plaintiff's common law rights in the mark, "AMERICAN MOVING AND STORAGE ASSOCIATION," including the AMSA Logo, were established as early as August 1, 1998.  A true and correct copy of the AMSA Logo is attached hereto as Exhibit "B."

11.     "AMERICAN MOVING AND STORAGE ASSOCIATION" and the AMSA Logo have acquired secondary meaning and, in the minds of the public, are associated with AMSA or the AMSA quality certification program, and identify the product or service as being sponsored, consented, approved, or certified by Plaintiff.

12.     The connection between the Marks and Plaintiff has been strengthened in the public mind because of years of extensive use, promotion, and advertising by Plaintiff, by the reputation and good will of Plaintiff, and by the extensive network of members of Plaintiff.

13.     As a result of the high quality of the services provided by Plaintiff and as a result of the extensive promotion of that business, substantial good will has been developed in Plaintiff's Marks.

14.     Plaintiff has used the Marks in interstate commerce throughout the United States prior to the Defendant's acts complained of in this Verified Complaint.

15.     Plaintiff's trademark registration is in full force and effect, and Plaintiff and members of Plaintiff continue to market their goods and services under the Marks.

16.     As a result of the longstanding offer of its services in the transportation and storage of goods industry, as well as the use of its Marks in connection with the offering of those services, Plaintiff's brand of services have earned commercial success, recognition, and acceptance.

17.     Plaintiff has over 4,000 members and is affiliated with 27 state moving associations and numerous international moving associations.

18.     The ProMover program is a certification program for Plaintiff's members that have federal interstate operating authority or in some cases in-state authority and the ProMover program members must pass an annual criminal background check, be licensed by the Federal Motor Carrier Safety Administration, agree to abide by ethical standards, commit to adhere to applicable Surface Transportation Board and Federal Motor Carrier Safety Administration regulations, and maintain at least a satisfactory rating with the Better Business Bureau.

19.     Plaintiff spends approximately Three Hundred Thousand Dollars ($300,000.00) annually to promote its Marks, to ensure that members are complying with the requirements of membership and program certification, and to ensure that non-members and uncertified entities are not improperly claiming membership or certification in AMSA or the ProMover program and improperly displaying Plaintiff's Marks.

20.     Plaintiff's Marks and the goodwill of the business associated therewith are of a value to Plaintiff which cannot be estimated.

## DEFENDANT'S INFRINGEMENT

21.    Defendant offers the identical services that Plaintiff's members offer and that Plaintiff's quality certification program evaluates.

22.    Defendant's services are marketed through the same channels of trade and to the same customers as those of Plaintiff and Plaintiff's members.

23.    Defendant's use of identical marks, i.e., the words "PROMOVER TRUST YOUR MOVE TO A PROMOVER," "AMSA American Moving & Storage Association" and the stylized logos for each, falsely creates the impression that the Defendant's services are endorsed by or affiliated with the Plaintiff's members or with Plaintiff and constitute trademark infringement and unfair competition.

24.    Defendant has no association or affiliation whatsoever with the Plaintiff, nor does it have the consent of the Plaintiff to use Plaintiff's Marks.

25.    Defendant does not have the sponsorship, consent, approval, or certification of Plaintiff.

26.    In or about June, 2014, Plaintiff became aware of Defendant's infringing activity when Plaintiff discovered that Defendant was using the ProMover Logo and AMSA Logo on Defendant's website, www.goprovanlines.com, to offer Defendant's services to the public (hereinafter "Domain").  A true and correct copy of the Domain, as of January 28, 2015, is attached hereto as Exhibit "C."

27.     Plaintiff's general counsel, Richard P. Schweitzer, sent Defendant a cease and desist letter dated July 28, 2014 (using FedEx Tracking which confirmed delivery), via overnight delivery to Go Pro Van Lines at 125 E. Main St. Unit 303, American Fork, Utah 84003 demanding that Defendant remove from public access the infringing material displayed on Defendant's Domain. A true and correct copy of the July 28, 2014 Cease and Desist Letter is attached hereto as Exhibit "D."

28.     Plaintiff has not received a response from Defendant and Defendant has failed and refused to remove the infringing materials from its Domain.

29.     As of the date of filing of this Verified Complaint, the infringing material has not been removed from the Defendant's Domain.

30.     Actual confusion by the general public between Plaintiff and Defendant has occurred.  The public's confusion is evidenced by complaints made to Plaintiff and on review websites regarding Defendant and Defendant's services which have had negative impacts on Plaintiff and Plaintiff's members and on Plaintiff's and Plaintiff's member's goodwill and reputation.  A true and correct copy of the public complaints are attached hereto as Composite Exhibit "E."

31.     The public's confusion between Plaintiff and Defendant was due to Defendant's infringing use of Plaintiff's Marks.  The public believed that they were dealing with members of Plaintiff because the ProMover Logo and AMSA Logo were on

Defendant's Domain and because Defendant has been otherwise holding itself out to be a member of Plaintiff.

32.     As evidenced above, Defendant causes advertising to be placed in interstate commerce falsely claiming approval and quality certification by Plaintiff of Defendant's transportation, moving, and storage services using Plaintiff's Marks when no such approval or certification exists.

33.     Also as shown by the statements in Composite Exhibit "E," Defendant has caused actual confusion in the minds of the public as to the source, relationship, sponsorship, and connection of the Plaintiff's and Defendant's services.

34.     Defendant's trademark infringement, unfair competition, and palming off are intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Plaintiff's and Plaintiff's members' customers and potential customers and of the public.

35.     Defendant's actions demonstrate an actual, willful, and bad faith attempt to trade on Plaintiff's goodwill, to palm off Plaintiff's services as those of Defendant and to create a false impression of a connection, affiliation, association, sponsorship, or approval between Plaintiff and Defendant, all causing irreparable injury to Plaintiff.

36.     Plaintiff has no adequate remedy at law.

37.     Defendant has been unjustly enriched by its infringing and unfair activities, and Plaintiff is entitled to an accounting for all of Defendant's profits derived from the infringing sales and services.

38.     By reason of Defendant's activities, Plaintiff has suffered and will continue to suffer substantial damages for injury to its goodwill and reputation and dilution of Plaintiff's Marks.

39.     Because of Defendant's bad faith and intentional and willful infringement, unfair competition, and deceptive trade practices, Plaintiff is entitled to recover punitive damages to deter Defendant from repeating its unlawful activities, as well as Plaintiff's attorney's fees and the cost of this action.

## COUNT I

### Trademark Counterfeiting Under 15 U.S.C.§§ 1114(1)(a) and 1116(d)

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-39.

41.     Defendant's use of Plaintiff's trademarks, in conjunction with providing transportation, moving, and storage services, counterfeits the Marks of Plaintiff, and said use has and will continue to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of the services.

42.     Defendant's use of Plaintiff's Marks in providing transportation, moving, and storage services constitutes trademark counterfeiting in violation of 15 U.S.C. §§ 1114(1)(a) and 1116(d) and has caused damage to Plaintiff.

## COUNT II

### Trademark Infringement Under 15 U.S.C. § 1114(1)

43.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-42.

44.     Defendant's performance of transportation, moving, and storage services while using Plaintiff's Marks has and will continue to cause confusion, mistake, or deception of the public as to the source, sponsorship, or approval of those products and services.

45.     Defendant's use of property and advertising bearing Plaintiff's Marks while performing transportation, moving, and storage services constitutes trademark infringement in violation of 15 U.S.C. § 1114(1) and has caused damage to Plaintiff.

## COUNT III

### False Designation of Origin Under 15 U.S.C. § 1125(a)(1)

46.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-45.

47.     The aforesaid acts of Defendant have and will continue to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the transportation, moving, and storage services provided by Defendant using Plaintiff's Marks, and thus constitute false designations of origin in violation of 15 U.S.C. § 1125(a)(1), all to Plaintiff's detriment.

48.     The aforesaid acts of Defendant include commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or geographic origin

of Defendant's goods, services, or commercial activities in the transportation, moving, and storage industry, and thus constitute false designations of origin in violation of 15 U.S.C. § 1125(a)(1), all to Plaintiff's detriment.

## COUNT IV

### Common Law Unfair Competition

49.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-48.

50.     Plaintiff represents numerous member entities and Plaintiff's members provide services in the transportation, moving, and storage services industry among other related industries.

51.     Plaintiff's members include entities in direct competition with Defendant.

52.     Defendant has palmed off and misappropriated Plaintiff's and Plaintiff's member's goodwill by using Plaintiff's Marks and has attempted to profit from Plaintiff's and Plaintiff's members' reputation and goodwill.

53.     The aforesaid acts of Defendant constitute common law unfair competition in that the ordinary consumer has been and is likely to continue to be deceived, confused, or both as to the source of Defendant's services.

54.     Stopping Defendant's use of Plaintiff's Marks is in the interest of the public.

55.     As a result of Defendant's common law unfair competition, Plaintiff has suffered and will continue to suffer great and irreparable injury.

## COUNT V

### Unfair Practices

56.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-55.

57.     Plaintiff represents numerous member entities and Plaintiff's members provide services in the transportation, moving, and storage services industry among other related industries.

58.     Plaintiff's members include entities in direct competition with Defendant.

59.     Defendant has palmed off and misappropriated Plaintiff's and Plaintiff's member's goodwill by using Plaintiff's Marks and has attempted to profit from Plaintiff's and Plaintiff's members' reputation and goodwill.

60.     The aforesaid acts of Defendant constitute unfair practices in violation of Utah Code § 13-5 in that the ordinary consumer has been and is likely to continue to be deceived, confused, or both as to the source of Defendant's services.

61.     Stopping Defendant's use of Plaintiff's Marks is in the interest of the public.

62.     As a result of Defendant's unfair practices, Plaintiff has suffered and will continue to suffer great and irreparable injury.

## COUNT VI

### Injunction

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-62.

64.     Plaintiff has demanded that Defendant refrain from committing the above acts, but Defendant has refused and will continue such acts unless immediately enjoined by this Court from doing so.

65.     As a result of Defendant's acts, Plaintiff has sustained and will sustain great and irreparable injury.

66.     Plaintiff cannot be fully compensated in damages and is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, AMERICAN MOVING & STORAGE ASSOCIATION, LLC prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     Temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, directors, employees, agents, subsidiaries, representatives, distributors, dealers, related companies, and all persons in active concert or participation with any of them, from using any of Plaintiff's Marks or any marks confusingly similar to any of Plaintiff's Marks, in its name, its websites, its meta data, its e-mail addresses, its solicitations for business, its advertisements, its shipping or storage documents, its phone communications, or in any of its business activities that are in any way related to transportation, moving, or storage services.

B.      Seizure of all documents, items, products, and materials in Defendant's possession or control, and records documenting the use of Plaintiff's Marks, pursuant to 15 U.S.C. § 1116(d) and 17 U.S.C. § 503(a);

C.      Seizure of all documents, items, products, and materials in Defendant's possession or control, and records documenting the use of Plaintiff's Marks and the eventual destruction of all counterfeit and infringing materials, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503(b);

D.      Restitution and disgorgement;

E.      Damages, including but not limited to treble damages, in an amount not less than $250,000.00;

F.      Punitive damages;

G.      Attorney's fees and costs pursuant to statute; and

H.      Such other relief as this Court may deem appropriate.

Dated this 4th day of February, 2015.

PRINCE, YEATES & GELDZAHLER                WIDERMAN MALEK, PL


By: ___/s/ Roger J. McConkie                By: ___/s/ Mark F. Warzecha
    Roger J. McConkie                           Mark F. Warzecha
    Wilford A. Beesley, III                     (Pro Hac Vice Admission Pending)
    James C. Bergstedt                          Attorneys for Plaintiff
Attorneys for Plaintiff

G:\WAB\CLIENTS\American Moving & Storage Association\Pleadings\2015-02-04_Complaint.docx

## VERIFICATION

UNDER penalty of perjury, I, SCOTT MICHAEL, declare that I have read the foregoing

Verified Complaint and that the facts stated herein are true.

_(signature)_

SCOTT MICHAEL

STATE OF Virginia
CITY OF Alexandria

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by SCOTT

MICHAEL, who is personally known to me or who produced _____ as

identification and who did take an oath.

_(signature)_ David L. Cummings

Notary Public
State of Virginia
My Commission Expires: May 31, 2015

Embossed Hereon Is My
Commonwealth Of Virginia Notary Public Seal
My Commission Expires May 31, 2015
DAVID L. CUMMINGS

Comm.# 7511451   City of Alexandria